CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DORIS E. TUCKER, | ) |
| Plaintiff, | ) Civil Action No.: 7:14cv00673 |
| v. | ) |
| BENEFICIAL FINANCIAL I, INC., et al., | ) By: Hon. Michael F. Urbanski |
| Defendants. | ) United States District Judge |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Doris E. Tucker filed the instant complaint against Beneficial Financial I, Inc., Surety Trustees, Moss & Rocovich, P.C., R. David Barbe, Dennis A. Barbour, S.J. Robert Slemp, Dorsey,[1] Nelson Mullins Riley & Scarborough LLP, Mark A. Stafford, Charles N. Dorsey d/b/a The Circuit Court for the City of Roanoke, David Carson individually, David Carson d/b/a The Circuit Court for the City of Roanoke, the City of Roanoke, the Circuit Court for the City of Roanoke, and John Does 1-10 and seeking leave to proceed in forma pauperis. For the reasons set forth below, Tucker's application to proceed in forma pauperis will be granted and her complaint will be dismissed in part pursuant to 28 U.S.C. section 1915(e)(2)(B).

I.

Tucker's complaint arises out of alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Tucker claims the defendants, individually and collectively, have attempted to collect a debt she purportedly owes by initiating a civil lawsuit against her, threatening to evict her from her home, threatening to garnish her wages, intimidating her by having individuals take photographs of her property, acquiring her banking information and using it for

---

[1] Tucker sues "Dorsey individually," and the court assumes Tucker means Charles N. Dorsey, individually.

their personal gain, and forcing Tucker to seek the protection of the bankruptcy court. Tucker claims these acts violate several provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e(4) and (5) and 1692g(a) and (b). Tucker requests statutory damages, costs, and attorney's fees pursuant to § 1692k and an award of actual damages.

## II.

Tucker moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Tucker's motion to proceed in forma pauperis. After reviewing the complaint, however, the court concludes that several defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Tucker seeks monetary damages against Charles N. Dorsey and David Carson both individually and d/b/a The Circuit Court for the City of Roanoke and The Circuit Court for the City of Roanoke. The Charles N. Dorsey and David Carson named in the complaint are clearly the Honorable Charles N. Dorsey and the Honorable David Carson of Virginia's 23d Circuit Court who preside over the circuit courts for the City of Roanoke, the County of Roanoke, and the City of Salem. Judge Dorsey and Judge Carson are immune from suit for monetary damages arising out of actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 9 (1991). Tucker does not allege Judge Dorsey or Judge Carson took any actions either in a non-judicial capacity or in complete absence of all jurisdiction. Id. at 11-12. Therefore, Judge Dorsey and Judge Carson are entitled to judicial immunity and will be dismissed from this suit.

The Circuit Court for the City of Roanoke must also be dismissed from this suit because it is entitled to Eleventh Amendment immunity. Article VI of the Constitution of Virginia established

2

the Supreme Court of Virginia and "in such other courts of original or appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish." Virginia Code § 17.1-500 established the Circuit Court for the City of Roanoke. Thus, as an entity of the state established by the General Assembly, a suit against the Circuit Court for the City of Roanoke is the same as a suit against the state itself. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). The Commonwealth of Virginia enjoys sovereign immunity as the Eleventh Amendment bars suits brought by private individuals against states. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). Therefore, Tucker is barred from bringing suit against the Circuit Court for the City of Roanoke, and that defendant must be dismissed as well.

Finally, as to defendants "John Does 1- 10," Tucker is advised that if she fails to provide the name of the John Doe defendants listed in the style of her complaint, within 120 days from the file date of the complaint, and to allege facts concerning the conduct each of the defendants undertook in violation of the FDCPA, all claims against "John Does 1-10" may be dismissed without prejudice. See Fed. R. Civ. P. 4(m); 28 U.S.C. § 1915A(b)(1).

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007 (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Tucker seeks monetary relief against the Circuit Court for the City of Roanoke, Judge Dorsey, and Judge Carson, all of whom are immune from such relief. Thus, those three defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Furthermore, Tucker is again advised that she must name John

3

Does 1-10 and allege facts concerning the conduct each of those defendants undertook in violation of the FDCPA or all claims against John Does 1-10 will be dismissed.

### III.

Accordingly, Tucker's application to proceed in forma pauperis will be granted and Tucker's claims against defendants Dorsey individually, Charles N. Dorsey d/b/a Circuit Court for the City of Roanoke, David Carson individually, David Carson d/b/a Circuit Court for the City of Roanoke, and the Circuit Court for the City of Roanoke will be dismissed with prejudice.

An appropriate Order will be entered this day. The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and the pro se plaintiff.

Entered: January 16, 2015

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge