IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DORIS E. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:14-cv-673 |
| | ) | |
| v. | ) | |
| | ) | |
| BENEFICIAL FINANCIAL I, | ) | By: Hon. Robert S. Ballou |
| INC., ET AL, | ) | United States Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Doris E. Tucker ("Tucker") filed this action pro se alleging violations of the Fair Debt Collection Practices Act ("FDCPA") related to the refinancing of her residence located in Roanoke, Virginia.[1] Dkt. No. 2. Several defendants moved to dismiss the claims asserted against them under Rule 12(b)(6). Dkt. No. 19. Thereafter, Tucker moved to dismiss the City of Roanoke as a defendant and filed a motion for leave to file an amended complaint. Dkt. No. 28. None of the defendants have opposed Tucker's motions to dismiss the City of Roanoke or to amend her complaint. I find that oral argument will not aid the court with regard to the pending motions, which are now ripe for decision.

The proposed amended complaint names only Beneficial Financial I, Inc. ("Beneficial"), Surety Trustees, LLC, ("Surety") and John Does 1–20 as defendants. Tucker adds new facts supporting her allegations of violations under the FDCPA and asserts novel claims under the

---

[1] Tucker filed claims against Defendants Beneficial Financial I, Inc., Surety Trustees, LLC, Moss & Rocovich, P.C., R. David Barbe Individually, Dennis A. Barbour Individually, S.J. Robert Slemp Individually, Dorsey Individually, Nelson Mullins Riley & Scarborough LLP, Mark A. Stafford Individually, Charles N. Dorsey d/b/a The Circuit Court for the City of Roanoke, David Carson d/b/a The Circuit Court for the City of Roanoke, City of Roanoke, The Circuit Court for the City of Roanoke, and John Does 1-10. Dkt. No. 2. The Court dismissed with prejudice Charles N. Dorsey and David Carson, individually and d/b/a The Circuit Court for the City of Roanoke, and has also dismissed with prejudice the Circuit Court for the City of Roanoke. Dkt. No. 5.

FDCPA. Tucker's original complaint broadly alleges threats of eviction, wage garnishment, and intimidation in violation of the FDCPA. Dkt. No. 2. The original complaint does not identify the conduct of any specific defendant as a violation of the FDCPA. Comparatively, Tucker's proposed amended complaint provides date-specific facts about the alleged offenses, clearly delineates each alleged violation of the FDCPA, and adds alleged violations under 15 U.S.C. § 1692(d) and (f). Compare Dkt. No. 2, p. 3, with Dkt. No. 28-1, p. 6–8.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it…. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 allows courts to freely grant leave to amend a complaint "when justice so requires." Id. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. See Gambelli v. United States, 904 F. Supp. 494, 497 (E.D. Va. 1995) aff'd, 87 F.3d 1308 (4th Cir. 1996). Denial of leave to amend constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. Foman, 371 U.S. at 182. "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (internal citations and quotations omitted). Generally, a court will liberally allow a pro se plaintiff leave to amend to correct factual insufficiencies in the complaint.

2

Tucker's proposed amended complaint includes new facts in support of her claims alleging FDCPA violations. She clarifies that her case arises from the refinancing of her residential property in 2002 with Beneficial, the acceptance of a check by Beneficial and Surety to satisfy the debt financed by Beneficial, and the series of events that she claims amount to violations of the FDCPA. Importantly, Tucker provides specific dates and conduct allegedly committed by the Defendants that were not present in her current complaint. Tucker provides a more definite statement of her claims, narrows her complaint to remove many named defendants, and explains how two of the remaining defendants–Beneficial and Surety–allegedly violated these claims. Tucker has demonstrated that it is in the interest of justice to allow her to amend her complaint as to Beneficial and Surety.

Tucker also moves to add ten "John Does" to the current ten unnamed defendants listed in her original complaint. Tucker did not allege any facts against John Does 1–10 named in the original complaint. The district court cautioned Tucker "that if she fails to provide the name of the John Doe defendants listed in the style of her complaint, within 120 days from the file date of the complaint, and to allege facts concerning the conduct each of the defendants undertook in violation of the FDCPA, all claims against 'John Does 1-10' may be dismissed without prejudice." See Dkt. No. 5, p. 3.

The proposed amended complaint contains no facts of any act or failure to act by any John Doe defendant. Tucker had adequate notice that the failure to allege any facts against any John Doe defendant would result in the dismissal of the John Doe defendants. She took no steps to allege any acts by a John Doe defendant. Accordingly, I recommend that the court dismiss the original John Doe defendants from this action. Likewise, because Tucker failed to provide any facts in support of her claims against the unnamed defendants, I find that allowing the

amendment as to any John Doe defendant would be futile.  See Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 114 (D.D.C. 2002). In sum, I recommend allowing Tucker to amend her complaint, but without naming any "John Doe" defendants.

Upon granting the motion to amend, the only remaining defendants are Beneficial Financial I, Inc., and Surety Trustees, LLC.  Thus, the pending motion to dismiss filed by the defendants (Dkt. No. 20) and Tucker's motion to dismiss the City of Roanoke (Dkt. No. 26) become moot. See Dykes v. Portfolio recovery Assoc., LLC, 306 F.R.D. 529, 530 (E.D. Va. 2015) (an amended pleading supersedes the original, and any pleading directed at the superseded pleading must be denied as moot). The City of Roanoke, R. David Barbe, Dennis A. Barbour, S. J. Robert Slemp, and Moss & Rocovich, P. C. are not listed as defendants in Tucker's amended complaint, and thus are no longer defendants in this action.  See Sanford v. Virginia, No. 3:08cv835, 2009 WL2707434, at *3 (E.D. Va.  Aug. 26, 2009) (party originally named in a lawsuit, but not mentioned in amended complaint must be dismissed).  The only remaining defendants in the amended complaint will be Beneficial and Surety.  Dkt. No. 28-1.  The court notes that the docket does not reflect that either of these defendants has received service. See Dkt. No. 7 (listing summons sent to Beneficial and Surety).

Accordingly, I **RECOMMEND** that the court **GRANT** Tucker's motion to amend the complaint except as to John Does 1–20 (Dkt. No. 28); **DIRECT** the Clerk to docket the amended complaint and its exhibits separately on the docket; **DIRECT** Plaintiff to promptly effect service upon Beneficial Financial I, Inc. and Surety Trustees, LLC, in accordance with the Federal Rules of Civil Procedure; **DENY as moot** the motions to dismiss these actions (Dkt. Nos. 20 & 26); and **DISMISS without prejudice** Defendants City of Roanoke, Moss & Rocovich, P.C., R. David Barbe, Dennis A. Barbour and S.J. Robert Slemp.

4

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record and *pro se* parties. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: November 10, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge